UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**UNITED STATES OF AMERICA**            **CASE NO.  1:17-CR-00245-03**

**VERSUS**                               **JUDGE DRELL**

**DEXTER JEROME SAPP (03)**              **MAGISTRATE JUDGE PEREZ-MONTES**

## O R D E R

Dexter Jerome Sapp ("Sapp" or "Defendant") was one of eleven (11) defendants indicted in 2017 on a variety of counts involving conspiracy to distribute methamphetamine, a controlled dangerous substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. 1).  On April 16, 2018, Sapp pled guilty to a single count of drug conspiracy as charged in the indictment. (Doc. 214).  Thereafter, the Defendant was sentenced to 140 months imprisonment and a 5-year period of supervised release commencing from the date of his release.  (Docs. 372, 375).  Sapp is incarcerated at FCI Yazoo City Low in Yazoo City, Mississippi and seeks compassionate release under 18 U.S.C. 3582(c)(1)(A) based on alleged medical vulnerability to COVID-19.  The Defendant's *pro se* motion for compassionate release is now properly before the court for disposition, having been fully briefed by the parties.  The government opposes the Defendant's motion for relief. (Doc. 510).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35 and (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered.  18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

1

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the BOP or by the inmate himself after exhaustion of his administrative remedies.  The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court.  Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020).

Section 3582(c)(1)(A) provides that prisoners may exhaust their administrative remedies by (1) filing a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) filing a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier.   18 U.S.C. §3582(c)(1)(A).

The instant motion is DENIED for lack of jurisdiction based on Sapp's failure to exhaust his administrative remedies in this case.  Sapp does not show that he presented his request for a compassionate release motion to the warden of his facility as required by the applicable statute. The government's response argues affirmatively that such exhaustion did not take place.  (Doc. 510).  This court may not, to the extent such a request is made within Sapp's motion, waive his obligation to exhaust administrative remedies in this case.  Ross at 1856-57; United States v. Raia, 954 F.3d 594 (3d Cir. 2020).

In this case, even if Sapp could demonstrate exhaustion, this court would not be inclined to grant the motion for compassionate release, as this Defendant does not present "extraordinary and compelling reasons" for a grant of such relief as is also required by Section 3582(c)(1)(A). Sapp complains that he is a 41-year-old male suffering with hypertension, currently managed with

a variety of blood pressure medications. (Doc. 508). Sapp further alleges that Yazoo City Low is "number 4 on the list with the most infected inmates."[1] (Id.).

U.S.S.G. § 1B1.13 provides, in application note 1, that the following reasons may constitute "extraordinary and compelling" circumstances such as would permit a court to grant relief under § 3582(c)(1)(A):

(A) Medical Condition of the Defendant –
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is –
        (I) suffering from a serious physical or mental condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –
    (i) The death or incapacitation of the caregiver of the defendant's minor child or children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse or registered partner.

---

[1] The court is not certain of what list the Defendant is referring to in this particular statement, but was able to ascertain that, as of May 20, 2020 Yazoo City Low recorded COVID-19 infections in 16 inmates and 6 staff according to www.bop.gov/coronavirus.

(D)     Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Although uncontrolled hypertension may be among the underlying medical conditions linked to increased COVID-19 risk, Defendant does not assert that his condition is uncontrolled. The motion before the court alleges treatment with four (4) medications and offers no medical evidence that this treatment is ineffective regarding his condition. Moreover, hypertension, while serious if uncontrolled, is a common medical condition both in the general public and in inmate populations. For these reasons, we do not find Sapp's hypertension, taken as true for these purposes, meets the criteria of extraordinary and compelling under the guidance offered above. The court is aware of both the general, worldwide concerns associated with COVID-19 and the particular concerns associated with this pandemic in inmate populations. The court is monitoring these inmate-related concerns carefully and is satisfied that the BOP is similarly engaged and responding in an appropriate manner.

Out of an abundance of caution, we finally note that Sapp's motion phrases its request for relief as a request for home confinement in lieu of imprisonment at a BOP facility.[2] (Doc. 508). Construing this portion of the motion before us as an additional request for relief under the CARES Act, 18 U.S.C. § 3624(c)(2),[3] this motion is also DENIED, as the authority to determine which

---

[2] "I'm not asking to be giving /sic/ a get out of jail free card. I would be more than willing to turn myself back in when this virus has pass and left us...I would do my home confinement at my mother's address that's on your file." (Doc. 508).

[3] The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted on March 27, 2020 and provides the Attorney General with authority to enable the Director of the BOP to lengthen the maximum term of home confinement to which an inmate may be transferred from a BOP facility under 18 U.S.C. §3642(c)(2). By memorandum dated April 3, 2020 from Attorney General Barr, BOP Director Michael Carvajal was instructed to prioritize immediate assessment and transfer, where appropriate, of inmates to home confinement under the CARES Act. www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf.

4

inmates qualify for home confinement under the expanded use of home confinement permitted by the CARES Act belongs only to the BOP Director and lies outside the jurisdiction of this court. United States v. Korieocha, 2020 WL 2331679 (E.D. La. 2020); United States v. Gentry, 2020 WL 2131001 (W.D. La. 2020); United States v. Echols, 2020 WL 2309255 (N.D. Miss. 2020).

Given the court's reasoning above, we now reiterate that the Defendant's motion for compassionate relief under 18 U.S.C. §3582(c)(1)(A) and/or for reclassification to home confinement under 18 U.S.C. 3624(c)(2) (Doc. 508) is DENIED based upon a lack of jurisdiction.

THUS DONE AND SIGNED this 22ND day of May, 2020 at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT