UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:17-CR-00245-03** |
| **VERSUS** | **JUDGE DRELL** |
| **DEXTER JEROME SAPP (03)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

ORDER

Before the court a motion for reconsideration of this court's prior order denying Defendant's motion for compassionate release. (Doc. 535). For the reasons explained below, the court finds that the motion should be DENIED.

Reconsideration of a ruling, once entered, is an extraordinary remedy to be employed sparingly. Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) citing Clancy v. Employers Health Ins. Co., 101 F. Supp.2d 463, 465 (E.D. La. 2000) (internal citations omitted). A motion for recondsideration should not be used as a vehicle to present argument or evidence that might have been presented in the original motion or for rehashing arguments or evidence already considered by the court. Id. citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, such motions under Fed. R. Civ. P. 59(e) should only be granted when they demonstrate a court's prior error of law or present newly discovered evidence bearing upon the disposition of the issues in the court's prior ruling.

Our review of Defendant's motion reveals that, although his motion for reconsideration includes more detail about his medical conditions, it does not demonstrate an error of law or allege newly discovered evidence or facts, such as would bring Defendant's motion within the ambit of a proper motion for reconsideration. Moreover, we reiterate that Defendant's concerns regarding the dangers of the COVID-19 pandemic are shared by the majority of incarcerated persons and

staff at federal correctional facilities. This court remains convinced that federal correctional staff are working hard with the resources and practical considerations with which find themselves to safeguard the health and safety of inmate populations.

We note here that Defendant's motion asks specifically for reconsideration but does not cite Fed. R. Civ. P. 59 or 60. Defendant's motion would be untimely under Rule 59(e), as it was filed on September 11, 2020, more than 28 days after the court's July 13, 2020 order denying compassionate relief. (Doc. 517). Thus, Defendant's only avenue to relief in this timeframe would be under Rule 60(b). As above, we do not find Defendant makes an adequate showing under the standards applicable to such extraordinary relief.

Given these findings, Defendant's motion for reconsideration is DENIED.

SIGNED this 17th day of September, 2020 at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT